Filed 4/30/15  Velasco v. Trimaco CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| ROQUE A. VELASCO,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>TRIMACO, LLC,<br><br>        Defendant and Respondent. | A139288<br><br>(Alameda County<br>Super. Ct. No. RG12639754) |

Roque A. Velasco appeals from the trial court's order denying his motion for class certification.  He contends that the trial court abused its discretion in denying the motion because it applied the wrong criteria in determining the motion.  We affirm.

## I.  FACTUAL BACKGROUND

Trimaco, LLC (Trimaco) manufactures and sells rolls of paper for both commercial and household use in construction and painting.  Since 2008, it has been selling its paper rolls in California primarily through Home Depot and Lowe's.  The rolls are labeled with their measurements, stating their total width and length.

Velasco alleges that on November 27, 2010, he purchased a roll of Trimaco's Builder's Paper (Builder's Paper), labeled with the measurements of 35 inches by 140 feet, from a Home Depot store in Newark.  Upon measuring the roll, Velasco determined that the actual length of the roll was only 132 feet and nine inches.  He alleges that other consumers have also purchased rolls of Builder's Paper that are similarly short in length as compared to the length represented on the labels.

1

On September 27, 2012, Velasco filed a first amended complaint on behalf of himself and others similarly situated seeking damages caused by Trimaco's alleged practice of selling paper rolls that are shorter in length than represented on their labels. He alleged that Trimaco violated the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.) and the Unfair Competition Law (UCL) (Bus. & Prof. Code, § 17200 et seq.), and engaged in false advertising (Bus. & Prof. Code, § 17500 et seq.) and negligent misrepresentation. On March 15, 2013, Velasco moved to certify a class to include " 'all residents of the State of California who, at any time between July 18, 2008[,] and the date of class certification in this action, purchased one or more [p]aper [r]olls[] manufactured by Trimaco and sold at a retail store in [California].' " The trial court denied the motion, finding that it could not infer that a substantial number of paper rolls sold in California during the relevant time frame were materially short and that Velasco had not demonstrated how a trier of fact could determine how many rolls were short or by how much. The court also found that the proposed class was not ascertainable because there was no evidence that the proposed class members purchased short rolls or that they could be identified. The court further found that Velasco's claims were not typical of the other members of the proposed class and that the monetary recovery for the claims of any purchaser who may have purchased shorter rolls would be relatively small. Finally, the court concluded that it would not be manageable to adjudicate the claims on a class basis.

## II. DISCUSSION

A party seeking class certification must show "the existence of an ascertainable and sufficiently numerous class, a well-defined community of interest, and substantial benefits from certification that render proceeding as a class superior to the alternatives." (*Brinker Restaurant Corp. v. Superior Court* (2012) 53 Cal.4th 1004, 1021 (*Brinker*); see Code Civ. Proc., § 382.) Whether a class is ascertainable is determined by examining the class definition, the size of the class and the means of identifying class members. (*Miller v. Woods* (1983) 148 Cal.App.3d 862, 873.) "The community of interest requirement involves three factors: '(1) predominant common questions of law or fact; (2) class representatives with claims or defenses typical of the class; and (3) class representatives

2

who can adequately represent the class.' " (*Linder v. Thrifty Oil Co.* (2000) 23 Cal.4th 429, 435.) " 'The burden is on the party seeking certification to establish the existence of both an ascertainable class and a well-defined community of interest among the class members.' " (*Lockheed Martin Corp. v. Superior Court* (2003) 29 Cal.4th 1096, 1104.)

"On review of a class certification order, an appellate court's inquiry is narrowly circumscribed. 'The decision to certify a class rests squarely within the discretion of the trial court, and we afford that decision great deference on appeal, reversing only for a manifest abuse of discretion: "Because trial courts are ideally situated to evaluate the efficiencies and practicalities of permitting group action, they are afforded great discretion in granting or denying certification." [Citation.] A certification order generally will not be disturbed unless (1) it is unsupported by substantial evidence, (2) it rests on improper criteria, or (3) it rests on erroneous legal assumptions. [Citations.]' [Citations.] Predominance is a factual question; accordingly, the trial court's finding that common issues predominate generally is reviewed for substantial evidence. [Citation.] We must '[p]resum[e] in favor of the certification order . . . the existence of every fact the trial court could reasonably deduce from the record. . . .' " (*Brinker*, *supra*, 53 Cal.4th at p. 1022.)

Velasco argues that the trial court erred in denying class certification because it incorrectly assumed that Velasco would not be able to show that a substantial number of the rolls sold in California were short of their advertised length. We conclude that substantial evidence supports the trial court's ruling that the proposed class was not ascertainable.

The evidence showed that Trimaco sold 823,164 rolls of paper between 2008 and 2014. But Velasco offered no evidence showing how he could ascertain the class members who purchased the product. "A factor in determining feasibility of the group approach is the probability each member will come forward ultimately, identify himself and prove his separate claim to a portion of the total recovery." (*Blue Chip Stamps v. Superior Court* (1976) 18 Cal.3d 381, 386 (*Blue Chip Stamps*).)

3

The trial court noted that Velasco failed to provide any discovery to show that credit card records of the sales of rolls were available, that they were searchable, and if so, the cost of doing so. Nor had Velasco provided any discovery showing that any substantial number of cash purchasers saved their receipts. (*Devidan v. Automotive Service Dealers Assn.* (1973) 35 Cal.App.3d 978, 982 [noting difficulty in ascertaining class where thousands of transactions were conducted in cash without any written substantiation].)

Moreover, other than pointing to himself and one other person who actually measured the rolls, Velasco does not explain how he would identify those class members who purchased short rolls or even any likelihood that they would have measured the rolls. The evidence, at most, showed that Velasco purchased a roll of Builder's Paper that measured only 132 feet and nine inches in length rather than the 140 feet represented on the label, and that three other rolls purchased by or through Velasco's counsel[1] measured at less than 140 feet.[2] Trimaco was aware that a variance in the length of rolls occurred occasionally. The variance was attributable to worn counter gaskets on the machines that produce the rolls. Trimaco routinely tested the counter measurements on the rolls and conducted random checks of the gaskets and replaced them as needed. It maintained that the rolls measured less than 140 feet only on one or two occasions. When a measurement was off, Trimaco would install a new gasket to correct for the length discrepancy. Aside from this evidence, Velasco provided no evidence on how frequently customers found the rolls sold to be short. In light of this evidence, the trial court concluded that it could not infer that a substantial number of rolls that were sold in California were short. On this record, we agree with the trial court's assessment that Velasco would not be able to ascertain the class members. " 'Where a certification order turns on inferences to be drawn from the facts,' " we are without authority to substitute our decision for that of the

---

[1] An employee for Velasco's counsel purchased and measured a roll and a former client  purchased and measured two rolls.

[2] The other three rolls measured at 132 feet, seven inches; 131 feet, 9.5 inches; and 135 feet, 10 inches.

4

trial court. (*Davis-Miller v. Automotive Club of Southern California* (2011) 201 Cal.App.4th 106, 120.) Here, as in *Collins v. Safeway Stores, Inc.* (1986) 187 Cal.App.3d 62, 65–66 (*Collins*), where the proposed class consisted of consumers who purchased or consumed contaminated eggs during a five-month period, we are being asked "to certify an economic class where not all products sold to the class were defective and where the class members themselves do not know, and [may] never know whether they purchased a defective product." (*Id.* at p. 70.)

Relying on *Reyes v. Bd. of Supervisors* (1987) 196 Cal.App.3d 1263, 1274 (*Reyes*), Velasco argues that he is not required at the class certification stage to establish the existence and identity of class members. The *Reyes* court recognized, however, that a party must have "sufficient *means*" for identifying class members at this stage of the proceedings. (*Ibid.*) In *Reyes,* a welfare rights class action, the court determined that this factor was satisfied because the county had the records to identify past general relief recipients from its records. (*Id.* at p. 1275.) Here, there are no corresponding records. Trimaco sold more than 800,000 rolls of paper to retail stores, and Velasco has not proffered any evidence as to how the consumers of the product can be identified. (See *Sevidal v. Target Corp.* (2010) 189 Cal.App.4th 905, 919 (*Sevidal*) [class members could not be identified because Target did not maintain or have records identifying individuals who purchased a product with an erroneous country-of-origin designation].) In addition, the administrative cost of attempting to determine class members would no doubt be prohibitive particularly in light of the minuscule potential recovery for a short roll of paper. (*Ibid.* [class members are ascertainable if they can be identified without unreasonable expense or time by reference to business records].)

While not necessary to our decision to uphold the trial court's ruling denying class certification, we note, as did the trial court, that any potential recovery on a claim for a short roll would be perhaps $0.05 to $0.50 per roll given the slight discrepancy of roll length represented in Velasco's sample of four rolls of 140 feet (from approximately four

to eight feet).[3] This consideration also militates against certification of the class in light of the lack of any appreciable benefit to class members. " '[W]hen potential recovery to the individual is small and when substantial time and expense would be consumed in distribution, the purported class member is unlikely to receive any appreciable benefit. The damage action being unmanageable and without substantial benefit to class members, it must then be dismissed.' " (*Collins, supra,* 187 Cal.App.3d at p. 68, quoting *Blue Chip Stamps*, *supra*, 18 Cal.3d at p. 386.)

Velasco also argues that the trial court relied on improper criteria in denying class certification because it incorrectly applied the law in determining whether common issues predominate over individual issues. We need not reach this issue, because we have determined that plaintiff failed to prove the class is ascertainable. (*In re Tobacco II Cases* (2009) 46 Cal.4th 298, 318 (*Tobacco II Cases*) [prerequisite to class certification is existence of an ascertainable class].)

Finally, Velasco's reliance on *Tobacco II Cases, supra,* 46 Cal.4th at pages 322–323, is misplaced. Velasco maintains that a different standard applies in determining whether a class is ascertainable in a case involving a UCL claim. *Tobacco II Cases* does not so hold. Rather, that case addressed the issue of whether all class members or only the representative plaintiff had to meet the standing requirements in a UCL class action. (*Id.* at pp. 321–323.) The Supreme Court held that unnamed class members were not required individually to demonstrate standing in order to remain in the class. (*Id.* at pp. 323–324.) The Supreme Court specifically distinguished *Collins, supra,* 187 Cal.App.3d 62, noting that *Collins* involved the preliminary step of identifying the existence of an ascertainable class. (*Tobacco II Cases, supra,* at p. 323; see *Sevidal, supra,* 189 Cal.App.4th at p. 921 ["UCL claims brought as class actions remain subject to the statutory class certification rules, including the requirement that the plaintiff show an ascertainable class"].)

---

[3] Velasco purchased the paper roll from the Home Depot for $10.98. Trimaco sold the paper rolls to those stores for about $4.00 per roll.

6

On this record, the trial court did not abuse its discretion in denying Velasco's motion for class certification.

## III.  DISPOSITION

We affirm the trial court's order denying class certification.

_____
Rivera, J.

We concur:


_____
Ruvolo, P.J.


_____
Reardon, J.